## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: DENNEHY, HEATHER | § Case No. 08-28893 |
| | § |
| | § |
| Debtor(s) | § |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that BRADLEY J. WALLER, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
219 S. Dearborn Street
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 09:15am on 07/09/2010 in Courtroom 201, United States Courthouse, Will County Court Annex Building
57 North Ottawa Street
Joliet, IL 60432.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 05/18/2010         By:  /s/BRADLEY J. WALLER
                                              Trustee

BRADLEY J. WALLER

2045 ABERDEEN COURT
SYCAMORE, IL 60178
(815) 748-0380

**UST Form 101-7-NFR (9/1/2009)**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: DENNEHY, HEATHER | § | Case No. 08-28893 |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $ 13,006.47 |
| *and approved disbursements of* | $ 0.00 |
| *leaving a balance on hand of* [1] | $ 13,006.47 |

Claims of secured creditors will be paid as follows:

*Claimant*                                                          *Proposed Payment*
                              N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | BRADLEY J. WALLER | $ 761.15 | $ 182.75 |
| *Attorney for trustee* | | $ | $ |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*              *Fees*              *Expenses*

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| Other | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

*Claim Number*    *Claimant*                           *Allowed Amt. of Claim*    *Proposed Payment*

N/A

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,944.57 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 108.0 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Chase Bank USA, N.A | $ 947.47 | $ 947.47 |
| 1I | Chase Bank USA, N.A | $ 76.07 | $ 76.07 |
| 2 | Roundup Funding, LLC | $ 463.28 | $ 463.28 |
| 2I | Roundup Funding, LLC | $ 37.20 | $ 37.20 |
| 3 | Roundup Funding, LLC | $ 533.82 | $ 533.82 |
| 3I | Roundup Funding, LLC | $ 42.86 | $ 42.86 |

**UST Form 101-7-NFR (9/1/2009)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number    Claimant*                                    *Allowed Amt. of Claim    Proposed Payment*

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant*                                    *Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $9,961.87.


Prepared By:  /s/BRADLEY J. WALLER
              Trustee, Bradley J. Waller

BRADLEY J. WALLER

2045 ABERDEEN COURT
SYCAMORE, IL 60178
(815) 748-0380


**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.


**UST Form 101-7-NFR (9/1/2009)**

# CERTIFICATE OF NOTICE

```
District/off: 0752-1          User: dsirmons          Page 1 of 1              Date Rcvd: Oct 27, 2008
Case: 08-28893                Form ID: b9a            Total Served: 22
```

The following entities were served by first class mail on Oct 29, 2008.
```
db         +Heather Dennehy,    770 Moon Vista Ct,    New Lenox, IL 60451-2698
aty        +John M Babbington,    John M Babbington & Associates,    19906 Wolf Road,    P O Box 99,
             Mokena, IL 60448-0099
tr         +Bradley J Waller,    Klein Stoddard Buck Waller & Lewis LLC,    2045 Aberdeen Court,
             Sycamore, IL 60178-3140
12754841   +Allied Interstate,    435 Forf Rd,    Minneapolis, MN 55426-1096
12754842    Bank of America,    P O Box 15726,    Wilmington, DE 19886-5726
12754844   +Brightley, Robert,    6250 Squine,    Willowbrook, IL 60527-1900
12754845   +C B South,    530 Riverside Dr,    Salisbury, MD 21801-6402
12754848    Citi,    P O Box 688912,    Des Moines, IA 50386
12754849    Citibank,    P O Box 6408,    The Lakes, NV 88901-6408
12754850   +G C services,    6330 Gulfton,    Houston, TX 77081-1198
12754852   +Gmac,    P O Box 9001952,    Louisville, KY 40290-1952
12754853   +Harris,    C/O Bank Caed Services,    P O Box 15289,    Wilmington, DE 19886-5289
12754855    NCO FIN/22P O Box 41448,    Philadelphia, PA 19101
12754857   +Northland Group Inc,    P O Box 390846,    Minneapolis, MN 55439-0846
12754858    Resurgence Financial,    4100 Commercial Ave,    Antioch, IL 60002
12754859   +Sears,    P O Box 183081,    Columbus, OH 43218-3081
12754860   +Wells Fargo,    P O Box 98751,    Las Vegas, NV 89193-8751
```
The following entities were served by electronic transmission on Oct 28, 2008.
```
12754842    EDI: BANKAMER2.COM Oct 28 2008 10:10:00     Bank of America,    P O Box 15726,
             Wilmington, DE 19886-5726
12754843   +EDI: TSYS2.COM Oct 28 2008 09:25:00     Barclays,    1007 Orange St,    Wilmington, DE 19801-1239
12754846   +EDI: CAPITALONE.COM Oct 28 2008 08:33:00     Capital One,    P O Box 30285,
             Salt Lake City, UT 84130-0285
12754847    EDI: CHASE.COM Oct 28 2008 09:45:00     Chase,    P O Box 15153,    Wilmington, DE 19886-5153
12754849    EDI: CITICORP.COM Oct 28 2008 08:28:00     Citibank,    P O Box 6408,    The Lakes, NV 88901-6408
12754854   +EDI: CBSKOHLS.COM Oct 28 2008 09:39:00     Kohls,    P O Box2983,    Milwaukee, WI 53201-2983
12754856    E-mail/Text: bankrup@nicor.com                            Nicor,    P O box 310,
             Aurora, IL 60507-0310
12754859   +EDI: SEARS.COM Oct 28 2008 08:28:00     Sears,    P O Box 183081,    Columbus, OH 43218-3081
12754860   +EDI: WFFC.COM Oct 28 2008 09:31:00     Wells Fargo,    P O Box 98751,    Las Vegas, NV 89193-8751
                                                                                              TOTAL: 9
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12754851    GEMB/ABT,    P O Box 276,    Ohio, FL 34258
                                                                                      TOTALS: 1, * 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 29, 2008                     Signature:  _____